IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO: 1:26-mj-9169 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT MITCHELL, | ) | MOTION TO STAY MAGISTRATE |
| | ) | JUDGE'S GRANTING OF BOND |
| Defendants | ) | |
| | ) | |
| | ) | |

Now comes the United States of America, by and through counsel, David M. Toepfer, United States Attorney, and Kevin E. Bringman, Assistant United States Attorney, and hereby files this Motion to Stay the Magistrate Judge's order granting of Bond for Defendant Robert Mitchell.

On July 17, 2026, Robert Mitchell was arrested by the Ohio State Highway Patrol after being found in possession of 16 individually wrapped kilos of suspected cocaine. Later that same evening, a federally authorized search was executed at Mitchell's residence in Aurora, Ohio. During the search, investigators located and seized approximately $108,000 in suspected drug proceeds, and five firearms. The suspected drug proceeds and four of the five firearms were located in the primary bedroom and closet, believed to be used by Mitchell.

On July 20, 2026, a criminal complaint and arrest warrant was signed by United States Magistrate Judge Jennifer Dowdell Armstrong alleging a violation of Title 21 United States Code, Sections 841(a)(1) and (b)(1)(C), Possession with Intent to Distribute Cocaine.

Mr. Mitchell was arraigned in that court on the same day.  The government moved for detention as to Mr. Mitchell, and a detention hearing was scheduled for July 27, 2026.

On July 27, 2026, a United States Magistrate Judge Jennifer Dowdell Armstrong held a detention hearing for Mitchell.  The government proffered evidence, including the a copy of the OHSP Report, photographs of the seized suspected cocaine, firearms, drug proceeds, and a copy of Mitchell's prior federal conviction for Conspiracy to Possess with intent to distribute and distribution of cocaine base from 2005. At the conclusion of the hearing, Magistrate Judge Armstrong ordered the defendant released on bond.

The United States now moves this Court to stay the Magistrate Judge's bond order so that the United States may appeal that bond order to this Court for its determination as to whether Mithcell presents a danger to the community and/or a risk of flight.

Pursuant to Title 18, United States Code, Section 3145, "If a person is ordered released by a magistrate, or by a person other than by a judge of a court having original jurisdiction over the offense . . . the attorney for the government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release."  18 U.S.C. § 3145(a)(1).  When a review is sought of a magistrate's order of detention, the district court is bound to review the matter de novo and undertake a complete review of the matter.  *Unites States v. Stone*, 608 F.3d 939 (6th Cir. 2010).

The Sixth Circuit has found it permissible for a court to stay a defendant's release while the government's appeal of a defendant's release is resolved.  *United States v. McGowan*, No. 20-1617, 2020 WL 3867515, at *1 (6th Cir. Jul. 8, 2020). See also *United States v. Salim*, No. 18-3155, 2018 LEXIS U.S. App. LEXIS 5921 (6th Cir. Mar. 8, 2018). The court must balance four factors to determine whether a stay is appropriate: (1) whether the movant "has made a strong

2

showing that he is likely to succeed on the merits; (2) whether the movant will be "irreparably injured absent a stay;" (3) whether issuance of a stay will "substantially injure" other interested parties; and (4) "where the public interest lies.:" *Nken v. Holder*, 556 U.S. 418, 434 (2009). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Salim*, 2018 LEXIS U.S. App. LEXIS 5921, at *2 (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).

Factors (1) and (2) are "the most critical." *Nken*, 556 U.S. 418 at 434. Regarding the first factor, the party seeking the stay must show that there is a likelihood of success on the merits of the underlying appeal. The "chance of success on the merits [must] be 'better than negligible.'" *Id*. (quoting *Sofinet v. INS*, 188 F.3d 703, 707 (C.A. 7 1999)). Similarly, the second factor requires showing more than the mere possibility of injury. *Id*. (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008)). Here, these factors weigh in favor of granting the government's motion to stay the defendant's release while the government pursues its appellate rights conferred in 18 U.S.C. § 3145(a)(1).

The Government is likely to succeed on the merits of its motion for revocation of the Magistrate Judge's order granting bond. In order to prove that detention is warranted, the United States must prove either (1) by a preponderance of the evidence, the defendant poses a risk of flight, *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004); or (2) by clear and convincing evidence, that poses a risk to the safety of others and the community, *Stone,* 608 F.3d at 946 (citing 18 U.S.C. § 3142(f)(2)(B)).

First, Mitchell's Complaint alleged a violation of Possession with Intent to distribute cocaine. The suspected weight of the seized narcotics establishes that a conviction in this case would carry a mandatory minimum sentence.  More importantly, this offense carries a rebuttable

presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). The government submits that Defendant has not rebutted that presumption.

Mitchell's pretrial services report states that he "poses a risk of nonappearance for the following reasons: 1. Offense charged and/or Defendant's conduct during arrest for instant offense 2. Substance Abuse History 3. Lack of verifiable employment 4. Criminal History." (R. 7: Pretrial Services Report, PageID 28). Additionally, pretrial services cites Mitchell's "nature of instance offense", "substance abuse history", "history/charge involving violence/Domestic violence", "pattern of similar criminal activity history", and "criminal history" as reasons he poses a risk of danger if released. (*Id.*). Despite these reasons, pretrial services recommended Mitchell be released on an unsecured bond. (*Id.*, PageID 28-29). Notably, at the detention hearing, the pretrial services representative indicated that they had conferred with writer of the report who had indicated they had read the affidavit in support of the complaint in preparing their report. It should be noted that the affidavit in support of Mitchell's Complaint and Arrest Warrant did not include any reference or evidence of the four firearms seized from Mitchell's bedroom closet, nor the $107,920.00 in U.S. currency, believed to be drug proceeds, in the same closet. As referenced above, and at the hearing, at the time of his arrest, Mitchell was prohibited from possessing firearms as a result of his conviction in 2005 for Conspiracy to Possess with Intent to Distribute and Distribution of Cocaine Base.

In light of his history, Mitchell presents an ongoing risk of non-appearance and danger to the community if released. Based on the large amount suspected drug proceeds stashed in the defendant's bedroom closet, the government believes Mitchell to have access to significant financial means. Further, a conviction in this based on the seized amount from the traffic stop

would subject Mitchell to a lengthy prison sentence and likely a mandatory minimum of ten years. These circumstances create an incentive to flee or not appear for future proceedings. The government submits that the significant volume of drugs, (estimated value of approximately $272,000), drug proceeds, and firearms seized by law enforcement on July 17, 2026 along with Defendant's criminal history shows that Defendant represents an ongoing danger to the community.  In light of the presumption of detention, the government submits it is likely to succeed on the merits of its motion to appeal Mitchell's bond order.

The Government will be irreparably injured if this stay is not granted, and the Defendant is released from custody for the pendency of this case.  If bond is granted for the defendant, the United States would be limited to seeking detention only in the event of a violation of a bond order after the defendant had failed to appear or violated in some fashion that harmed or endangered the community.  In light of the statutory presumption of detention that applies to Mitchell, failure to grant a stay at this time would dispense with the presumption, which the United States submit Mitchell has not rebutted, much less overcame at this time.

Any possibility of injury to the Defendant caused by issuance of a stay is outweighed by the remaining factors, particularly the safety of the community.

The public interest is best served by issuance of a stay because Defendant poses a danger to the community should he be released from custody, as discussed above.

The Government respectfully requests that this Court grant the Government's Motion for a Stay of the Magistrate Judge's bond order pending review by this Court of the Government's request for Detention pending trial.  The Government has requested an expedited copy of the transcript of the Detention hearing and seeks a stay in order to supplement the transcript with briefing to this Court in support of detention.

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney


/s/ Kevin Bringman
Kevin E. Bringman (OH: 0088316)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3847 (desk)
(215) 522-8355 (facsimile)
Kevin.Bringman@usdoj.gov

6